# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs)  **No. 17-1067** (Jefferson County CC-19-2017-F-15)

**Malakye Emerson Boyd,**
**Defendant Below, Petitioner**

**FILED**

**June 7, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Malakye Emerson Boyd is one of four individuals who met brothers Dylan and Ryan Mumaw one afternoon in July of 2016, upon the representation that Mr. Boyd and his compatriots would purchase a pound of marijuana from the Mumaws. When the Ford Focus in which Mr. Boyd was a passenger pulled next to the Mumaws' Toyota 4Runner, however, no drug transaction transpired. Instead, two armed passengers jumped from the car driven by Mr. Boyd's accomplice and besieged the Mumaw 4Runner. Dylan, driving the Mumaw vehicle, accelerated but was unable to escape the gun's range. A person in Mr. Boyd's party, never definitively identified because he was masked, fired into the passenger side of the vehicle where Ryan sat. Despite Dylan's attempt to flee, a bullet struck Ryan's chest and Ryan died that day. With help from an eyewitness, the police were able to locate the driver—a juvenile—of the Ford Focus, and then identify Mr. Boyd and the other two men. The juvenile entered into a plea agreement with the State. Subsequent to the indictment, Tayjuhn Coble also entered into a plea agreement. Mr. Boyd then was tried jointly with his brother, Rakeem Newman, and both were found guilty of felony murder in the first-degree, in violation of West Virginia Code § 61-2-1, and conspiracy to commit robbery in the first-degree, in violation of West Virginia Code § 61-10-31. Consequently, Mr. Boyd, the petitioner in this appeal, is serving a term of life imprisonment, with the possibility of parole, in the West Virginia State Penitentiary for his role in the felony murder. He also was sentenced to a consecutive five-year term of imprisonment for his role in the conspiracy.

On appeal to this Court, Mr. Boyd asserts five assignments of error: that the circuit court erred in not directing a verdict in his favor or setting aside the jury verdict, that the circuit court abused its discretion in denying his motion for a separate trial, that the circuit court erred in admitting the State's recorded evidence of a telephone call made to him by Tayjuhn Coble while Mr. Coble was incarcerated, that the circuit court erred in its judicial assignment, and that the circuit court erred in imposing consecutive sentences for his felony convictions.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons,

1

a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.[1]

## I.

We begin with Mr. Boyd's challenge to the sufficiency of the evidence on which his conviction rests. The Court applies a de novo standard of review to the denial of a motion for judgment of acquittal based upon the sufficiency of the evidence. *See State v. LaRock*, 196 W. Va. 294, 304, 470 S.E.2d 613, 623 (1996). This Court has explained:

> The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

Syl. Pt. 1, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995).

Moreover,

> [a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.

*Id*. at 663, 461 S.E.2d at 169, syl. pt. 3, in part.

Mr. Boyd argues that the trial evidence did not establish "that he was one of the two assailants that exited the . . . vehicle armed with a handgun who directly participated in the shooting of Ryan Mumaw." It is not necessary, however, that the State prove that Mr. Boyd "directly participated in the shooting." Rather, because the State obtained its conviction under the theory of felony murder, it was required only to prove that Mr. Boyd participated in the robbery that resulted in Ryan Mumaw's death. We have explained:

---

[1] Mr. Boyd is represented by B. Craig Manford, and the State is represented by Patrick Morrisey and Robert L. Hogan.

"'[T]he elements which the State is required to prove to obtain a conviction of felony murder are: (1) the commission of, or attempt to commit, one or more of the enumerated felonies; (2) the defendant's participation in such commission or attempt; and (3) the death of the victim as a result of injuries received during the course of such commission or attempt.' *State v. Williams*, 172 W.Va. 295, [310,] 305 S.E.2d 251, 267 (1983)." Syllabus Point 5, *State v. Mayle*, 178 W.Va. 26, 357 S.E.2d 219 (1987).

Syl. Pt. 5, *Flack v. Ballard*, 239 W. Va. 566, 803 S.E.2d 536 (2017). Robbery is an enumerated felony qualifying the criminal defendant for conviction of murder. This State continues to define robbery in common law terms: "(1) the unlawful taking and carrying away, (2) of money or goods, (3) from the person of another or in his presence, (4) by force or putting him in fear, (5) with intent to steal the money or goods." Syl. Pt.1, in part, *State v. Harless*, 168 W. Va. 707, 285 S.E.2d 461 (1981).

The juvenile driver of the vehicle testified at trial that Mr. Boyd was present when Mr. Newman first proposed robbery, was "in agreeance (*sic*) to rob" the Mumaws, and affirmatively acquiesced when Mr. Newman suggested that the party "hit a lick on the Mumaws." Dylan Mumaw testified that when Mr. Boyd's party first arrived for the transaction, the three men—including Mr. Boyd—concealed themselves so that only the juvenile driver was visible. Tayjuhn Coble testified that Mr. Boyd was one of the two individuals (along with Mr. Newman) who concealed his face and accosted the Mumaws when the car stopped. The jury was in the best position to assess the credibility of these witnesses, and we will not look behind its factual determinations. This evidence is sufficient to support a finding that Mr. Boyd was a willing participant in the robbery that led to the death of Ryan Mumaw, and we find no error.

## II.

Next, Mr. Boyd contends that the circuit court erred in subjecting him to a unitary trial with his co-defendant, Rakeem Newman, because the evidence of Mr. Newman's guilt was so overwhelming that his connection to Mr. Newman was prejudicial. We held in Syllabus Point 3 of *State v. Boyd*, 238 W. Va. 420, 796 S.E.2d 207 (2017), that "[t]his Court will not reverse a denial of a motion to sever properly joined defendants unless the petitioner demonstrates an abuse of discretion resulting in clear prejudice." In that same case, we offered the following guidance to our circuit courts:

[a] trial court should grant a severance under Rule 14(b) of the West Virginia Rules of Criminal Procedure only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence.

*Boyd*, 238 W.Va. at 426, 796 S.E.2d at 213, syl. pt. 5. Moreover, "[a] defendant is not entitled to relief from prejudicial joinder pursuant to Rule 14 of the West Virginia Rules of Criminal Procedure[ ] when evidence of each of the crimes charged would be admissible in a separate trial for the other." Syl. Pt. 2, *State v. Milburn*, 204 W. Va. 203, 511 S.E.2d 828 (1998). We believe that the evidence shows that Mr. Boyd and Mr. Newman were together throughout the events

underlying the criminal conspiracy, and there is no evidence pertaining to the actions of one that would have been inadmissible in the trial of the other. Moreover, as the State points out, Mr. Boyd's motion for a separate trial was conditioned on the circuit court's decision to bifurcate the penalty phase from the guilt phase, based on Mr. Boyd's concern that evidence of Mr. Newman's prior bad acts would prejudice his chances of the jury's recommending that he be granted mercy. Mr. Boyd, unlike Mr. Newman, did ultimately receive mercy at sentencing and thus his argument of prejudice is unavailing.

## III.

Mr. Boyd also assigns error to the circuit court's admission of evidence of a telephone conversation between him and Tayjuhn Coble while Mr. Coble was in the State's custody, under the representation that the admitted recording suggested Mr. Boyd's "silent admission" of guilt after Mr. Coble told Mr. Boyd "I'm here on your charges." Though Mr. Boyd broadly and tersely argues that the admission of this evidence was done in violation of his state and federal constitutional rights, he has offered no fact or authority that would characterize this as anything other than an evidentiary matter over which the circuit court has firm dominion. "'A trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard.' Syl. Pt. 4, *State v. Rodoussakis*, 204 W.Va. 58, 511 S.E.2d 469 (1998)." Syl. Pt. 1, *State v. Timothy C.*, 237 W. Va. 435, 787 S.E.2d 888 (2016).

The challenged recording was not transcribed into the trial transcript, and Mr. Boyd failed to include its contents, in any form, in the appendix record on appeal. We are supplied only the parties' descriptions of the telephone call for assessment. But we decline to so proceed, as we are loath to probe the discretion of the circuit court with such imprecision. So often we find ourselves counseling litigants that their briefs on appeal are deficient under Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which requires that arguments "contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal," but we continue and consider asserted errors where the context is apparent from our own wholesale review of the appendix record on appeal. The situation is wholly different, however, when the matter for which review is sought is a speculative one, hanging on the threads of phantom cloth. We decline to engage in conjecture, in consideration of our prior warning that "parties are not entitled to our consideration of evidence not consigned to the appendix record on appeal, inasmuch as Rule 7(a) of our Rules of Appellate Procedure clarifies that '[a]n appendix must contain accurate reproductions of the papers and exhibits submitted to the lower court, administrative agency or other tribunal. . . .'" *Lee Trace, LLC v. Berkeley Cty. Council*, No. 16-0239, 2017 WL 1535075, at *6 n.9 (W.Va. Apr. 28, 2017)(memorandum decision). There is no evidence that the circuit court abused its discretion, and we thus find no error.

## IV.

Next, Mr. Boyd relates that, after the completion of both the guilt and penalty phases of his trial, and after he filed his post-trial motions, his case was transferred from the circuit court judge who presided over the proceedings to a newly appointed circuit court judge. He moved that the transfer be set aside and that the formerly presiding judge retain the matter for sentencing. The

circuit court denied the motion, and the judge ruled on the post-trial motions and pronounced sentencing. Without citing legal authority, Mr. Boyd argues that the circuit court erred in transferring his criminal proceedings away from "[t]he only person particularly qualified to rule on [his] post-trial motions and determine whether or not his sentences would run concurrently or consecutively. . . ." The State represents—and Mr. Boyd has not challenged the representation that—the reassignment likely was necessary to the circuit court's docket management following the death of the circuit's longtime jurist, The Honorable John C. Yoder. In any event, petitioner's assertion does not amount to a charge of prejudice to him. There is no evidence that any of the judges of the Twenty-Third Circuit were unqualified to preside over any stage of the proceedings. Under the circumstances now before us, and in light of the circuit court's unique familiarity with the factors that would impede the expeditious administration of justice, we find no reason to disturb the "broad discretion" conferred on the trial court for the management of its docket. *See Barlow v. Hester Industries, Inc.*, 198 W. Va. 118, 127, 479 S.E.2d 628, 637 (1996).

## V.

We end with Mr. Boyd's contention that the circuit court erred in sentencing him to consecutive terms of incarceration for his conspiracy and felony murder convictions. Mr. Boyd's supporting argument is terse, consisting of only two sentences that suggest the sentencing court failed to consider his age, family history, an asserted disability, and his "relative[ly] minor criminal history." Mr. Boyd offers no elaboration regarding these factors. "The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997). "Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). Inasmuch as Mr. Boyd has not asserted that his sentencing violated these principles, we need not consider the matter further. We find no error in the imposition of consecutive sentences.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 7, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

5